UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONTA WILLIS,

        Plaintiff,

v.                                                           Case No. 19-C-562

RYAN DEWITT, ARTTAVIUS BRADFORD,
ANTHONY WILSON, STEVEN BOEHM,
SPENCER SIANICKI, JEREMY GLOUDEMANS,
SUSAN BODDEN-EICHSTEADT, SHUNTA BOSTON-SMITH,
MATTHEW GOLDBERG, TRAVIS J. GUY,
PAUL KAVANAGH, KRISTIN M. RIESTRA,
ALFONSO MORALES, EDWARD FLYNN, and
LA'KEISHA W. BUTLER

        Defendants.

---

## ORDER

---

Donta Willis, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915(a)(1). Dkt. Nos. 1–2. This case was originally assigned to U.S. Magistrate Judge David E. Jones. Not all parties have had the opportunity to consent to magistrate judge jurisdiction; therefore, the case was randomly reassigned to this court for screening of the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was incarcerated when he filed his complaint. The PLRA allows an incarcerated plaintiff to proceed

with a lawsuit in federal court without prepaying the $350 filing fee, as long as he complies with certain requirements. 28 U.S.C. §1915. One of those requirements is payment of an initial partial filing fee.

On April 23, 2019, Judge Jones assessed an initial partial filing fee of $74.67. Dkt. No. 5. Plaintiff paid that amount on April 29, 2019. Therefore, the court will grant his motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee in the manner described below.

## SCREENING OF THE COMPLAINT

The PLRA requires federal courts to screen complaints brought by an incarcerated plaintiff who seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim, the complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court gives a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**ALLEGATIONS IN THE COMPLAINT**

On October 4, 2017, Milwaukee Police Officers Ryan Dewitt and Arttavius Bradford, and Wisconsin Parole Agents Steven Boehm and Spencer Sianicki, "attempt[ed] to make alleged traffic stop without probable cause." Dkt. No. 1 at 3. Dewitt and Arttavius approached Plaintiff's car, while Boehm and Sianicki remained in the unmarked patrol vehicle. *Id*. Plaintiff spoke with Dewitt and Bradford and cooperated in answering their questions. *Id*. Plaintiff then interacted with Boehm and the two "beg[a]n to quarrel back and forth about the rules of [Plaintiff's] extended supervision." *Id*. Boehm then went back to the patrol car to find the exact rules of Plaintiff's extended supervision. *Id*.

As Boehm checked the rules of extended supervision, Dewitt ordered Plaintiff to come out of his car. *Id*. at 4. Plaintiff explained that he could not because of his medical condition/pain issues (in his four prior lawsuits Plaintiff explained he is disabled and needs a wheelchair). *Id*. Dewitt told Plaintiff that he would be arrested for obstructing/resisting an officer and asked for his cell phones. *Id*. Plaintiff then attempted to break one of his cell phones in half, which caused a struggle over his cell phone. *Id*. Dewitt and Bradford used "excessive force" to get control of both of Plaintiff's hands. *Id*.

Dewitt placed Plaintiff in handcuffs and "conducted a quick pat search . . . finding no illegal substances or firearms." *Id*. Plaintiff then informed Dewitt that he had cash in his underwear for safekeeping. *Id*. Meanwhile, Bradford conducted a K-9 "sniff" of the vehicle and attempted to remove Plaintiff's keys from the ignition. *Id*. At that point, another struggle began about the removal of his car keys. *Id*. DeWitt placed Plaintiff in a choke hold and Bradford "with closed fist, batter[ed] [Plainitff] causing injury to his feet, knees, legs, and groin area." *Id*. Bradford then

3

"reach[ed] his hand inside [Plaintiff's] underwear and illegally search[ed] and remove[d] approximately $310.00 dollars in cash from his buttocks and butt-crack area." *Id*.

After the altercation, Plaintiff needed medical attention, so the paramedics took him to the hospital. *Id*. at 4–5. At the hospital, medical staff "maliciously medically cleared" him. *Id*. at 5. Bradford and Milwaukee Police Officer Anthony Wilson then tossed Plaintiff into the back of the patrol car and took his finger prints. *Id*. at 5–6. At that time, Sergeant Richard Jack (not a defendant) told Plaintiff that they "towed his pink Lexus without his consent." *Id*. at 6. After some confusion about where Plaintiff should be booked, Wilson and Bradford transported him to the Milwaukee Secure Program Facility. *Id.* Because of Plaintiff's medical condition/pain issues, he was unable to comply with the "intake process." *Id*. at 7. Officers then took Plaintiff to the segregation unit pending a conduct report. *Id*.

About four days later, on October 7, 2017, Plaintiff contacted the Prison Rape Elimination Act hotline regarding the police officers' behavior during his arrest. *Id*. Investigator Kimberly Betzhold (not a defendant) initiated a criminal and internal investigation. *Id*. Through the investigation, the following individuals "all gain[ed] knowledge of the police misconduct that occurred on October 4, 2017 and facilitate[d], approve[d], condone[d], and turn[ed] a blind-eye to reject [his] complaints as meritless:" Jeremy Gloudemans, Susan Bodden-Eichsteadt, Shaunta Boston-Smith, Matthew Goldberg, Travis J. Guy, Paul Kavanagh, Kristin Riestra, Alfonso Morales, Edward Flynn, and La'Keisha W. Butler. *Id*. For relief, Plaintiff seeks monetary damages. *Id*. at 9.

**THE COURT'S ANALYSIS**

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

**A. Section 1983's Personal Involvement Requirement**

Liability under § 1983 is predicated on a defendant's personal involvement in the constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "[L]iability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (internal citations omitted). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry*, 65 F.3d at 561 (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). The official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Plaintiff fails to state a claim for relief against Gloudemans, Bodden-Eichsteadt, Boston-Smith, Goldberg, Guy, Kavanagh, Riestra, Morales, Flynn, and Butler. Although Plaintiff states that these individuals "all gain[ed] knowledge of the police misconduct that occurred on October 4, 2017 and facilitate[d], approve[d], condone[d], and turn[ed] a blind-eye to reject [his] complaints as meritless," he alleges no facts to support his allegations. Bare bone legal conclusions are insufficient to state a claim. Indeed, it's unclear what actions these individuals took or did not take

5

to "facilitate, approve, condone, and turn a blind-eye" to his complaints. Their knowledge that he filed a complaint, yet nothing happened is not enough to state a claim against them. *See Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017) (concluding that "inaction following receipt of a complaint about someone else's conduct is not a source of liability"). Therefore, the court will dismiss these individuals from the lawsuit.

### B. Fourth Amendment Excessive Force

A claim that a law enforcement officer used excessive force during an arrest is evaluated under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). The court examines the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Id*. (quoting *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015)).

Plaintiff states that DeWitt placed him in a choke hold while Bradford battered him with closed fists for no reason. He states that Wilson tossed him from the ambulance gurney to the floor, even though he was disabled and wheelchair bound. Based on these allegations, Plaintiff may proceed with a Fourth Amendment excessive force claim against DeWitt, Bradford, and Wilson.

6

### C. Fourth Amendment Unreasonable Search and Seizure

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). This principle extends to searches and seizures of cell phones. *See Riley v. California*, 134 S. Ct. 2473, 2493–95 (2014).

Plaintiff states that DeWitt, Bradford, Boehm, and Sianicki conducted a traffic stop without probable cause. He further alleges that Dewitt and Bradford searched his vehicle and attempted to search his cell phone without consent, and with knowledge that it was unlawful. Although an exception to the Fourth Amendment may later defeat Plaintiff's claims, he alleges a plausible Fourth Amendment claim against DeWitt, Bradford, Boehm, and Sianicki at this time. *See Ingram v. Gillingham,* No. 19-C-34, 2019 WL 669816, at *2 (E.D. Wis. Feb. 19, 2019). Therefore, Plaintiff may proceed with a Fourth Amendment unreasonable search and seizure claim against DeWitt, Bradford, Boehm, and Sianicki.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**. The agency having custody of Plaintiff shall collect from his institution trust account the **$275.33** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that Gloudemans, Bodden-Eichsteadt, Boston-Smith, Goldberg, Guy, Kavanagh, Riestra, Morales, Flynn, and Butler are **DISMISSED** from this lawsuit.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Boehm and Sianicki. These defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service serve a copy of the complaint and this order on defendants Dewitt, Bradford, and Wilson under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants Dewitt, Bradford, and Wilson file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that this case is **RETURNED** to Judge Jones for further proceedings.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after Judge Jones enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Signed in Green Bay, Wisconsin, this  19th  day of June, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court